IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JUNZHOU HUANG<br><br>        Plaintiff,<br><br>v.<br><br>MyfatBOSS<br><br>        Defendant. | Case No. 1:24-cv-01562<br><br>**Honorable Jorge L. Alonso**<br>**JURY TRIAL DEMANDED** |

## DECLARATION OF JUNZHOU HUANG IN SUPPORT OF PLAINTIFF'S *EX PARTE* MOTION FOR ENTRY OF A TEMPORARY RESTRAINING ORDER AND OTHER RELIEF

I, Junzhou HUANG, declare

1. I am a resident of Guangdong Province, China. I am the sole inventor and patentee of U.S. Design Patent No. D912,763 ("the 'D763 Patent," "the 'D763 Design," "patent in suit," or "patented design") titled "Filter for Pet Fountain", which was duly issued on March 9, 2021.

2. I make this declaration based on my personal knowledge, and, where noted, on information I have learned. If called as a witness, 1 could and would testify competently to the statements made herein.

3. I supervised the manufacturing of Cat/Pet Water Fountain Filter products embodying and practicing the 'D763 Patent (Patented Products), which have been shipped and supplied to about twenty Amazon Storefronts/Sellers in the US market.

4. The Patented Products are well-established on Amazon. One example of the Patented Products is Wonder Creature Cat Water Fountain Filter Replacement (Amazon ASIN: B07MBC5LQ4), which enjoy quality customer reviews and high ratings, earning 4.7 stars on more than eight thousand reviews. (https://www.amazon.com/Wonder-Creature-Stainless-Fountain-Activated/dp/B07MBC5LQ4/ref=sr_1_2?crid=1WXZ2PMTJ055L&keywords=B07MBC5LQ4&qid=1703678221&sprefix=b07mbc5lq4%2Caps%2C295&sr=8-2)

5. I have not licensed or authorized Defendant to practice the 'D763 Patent, and Defendant is not an authorized reseller of the Patented Products.

6. The 'D763 Patent relates to ornamental designs for fountain filters.

7. Especially, the patented design is a round-shaped filter, with a hole in its center, and four pockets evenly distributed on its surface.

8. Each pocket is in the shape of a circular sector of 90 degrees.



9. The patented design has no concomitant utility patents.

10. I have never advertised the particular features of the design claimed by the 'D763 Patent as having specific utility.

11. In addition to the Infringing Products as listed in the Complaint, Defendant MyfatBOSS also sells pet fountain filters, which are not round-shaped (e.g., square/rectangle shaped), or do not have a hole in their centers, or do not have four pockets (e.g., more than or less than four pockets), or the pocket of which do not evenly distributed on its surface (e.g., irregular shaped pockets; each pockets taking a circular sector of more/less than 90 degrees).

12. My goodwill and reputation are irreparably harmed by the making, using, offering for sale, selling, or importing of Defendant's cat/pet water fountain filters that infringe the 'D763 Patent ("Infringing Products"). The extent of harm to my established reputation and goodwill is largely unquantifiable.

13. I am further irreparably harmed by the unauthorized making, using, offering for sale, selling, or importing of Infringing Products, because such infringing conducts remove our

ability to control the nature and quality of the Infringing Products. Furthermore, loss of quality control over Infringing Products results in loss of control over my reputation is neither calculable nor precisely compensable.

14. The making, using, offering for sale, selling, or importing of Infringing Products, which look identical or substantially similar to the patented design, is likely causing and will continue to cause consumer confusion, which weakens our products' market recognition and reputation. Inferior quality of Infringing Products will result in increased skepticism and hesitance in consumers presented with our genuine patented products, leading to a loss or undermining of our reputation and goodwill.

15. I am further irreparably harmed due to a loss of exclusivity. My extensive marketing efforts and innovative designs are aimed at growing and sustaining sales. When Defendant makes, uses, offers for sale. sells, or imports Infringing Products without my authorization, the exclusivity of my products is damaged and eroded, resulting in a loss of unquantifiable future sales.

16. Monetary damages do not offer adequate compensations for my loss caused by ongoing infringement because monetary damages fail to address the damage to our control over our rights in the 'D763 Patent and our reputation, associated goodwill, and ability to exploit the patented design. Furthermore, monetary damages are difficult, if not impossible, to ascertain due to the inability to calculate measurable damage in dollars and cents caused to our control over our rights in the 'D763 Patent, our reputation, the associated goodwill, and ability to exploit the patented design by infringement conducts.

17. In the absence of an *ex parte* Temporary Restraining Order, the Defendant can and likely will register new online marketplace accounts/Seller IDs and move any assets to bank accounts outside the jurisdiction of this Court.

18. I will suffer immediate and irreparable injury, loss, or damage if an *ex parte* Temporary Restraining Order is not issued.

3

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Date: Feb 26th, 2024

*Junzhou Huang*
Junzhou HUANG