IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Junzhou Huang,<br><br>        Plaintiff,<br><br>v.<br><br>MYFATBOSS,<br><br>        Defendant. | Case No. 1:24-cv-01562<br><br>**Judge Jorge L. Alonso** |

**TEMPORARY RESTRAINING ORDER**

Plaintiff Junzhou Huang ("Huang") filed an *Ex Parte* Motion for Entry of a Temporary Restraining Order and Other Relief (the "Motion") against the fully interactive, e-commerce stores operating under the seller alias MyFatBOSS ("Defendant"). After reviewing the Motion and the accompanying record, this Court GRANTS Huang's Motion in part as follows.

This Court finds, in the absence of adversarial presentation, that it has personal jurisdiction over Defendants because Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Huang has provided a basis to conclude that Defendant has sold products that infringe directly and/or indirectly Huang's United States design patent shown below (the "Patented Design"):

1

| Patent No. | Claim | Issue Date |
|---|---|---|
| D912,763 | The ornamental design for a filter for pet fountain, as shown and described.<br><br>Fig.1 | March 9, 2021 |

This Court also finds that issuing this Order without notice pursuant to Rule 65(b)(1) of the Federal Rules of Civil Procedure is appropriate because Huang has presented specific facts in the Declaration of Junzhou Huang in support of the Motion and accompanying evidence clearly showing that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition. Specifically, in the absence of an *ex parte* Order, Defendants could and likely would move any assets from accounts in financial institutions under this Court's jurisdiction to off-shore accounts. Accordingly, this Court orders that:

1. Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be temporarily enjoined and restrained from:

    a. offering for sale, selling, and importing any infringing products not authorized by Huang, including any reproduction, copy, or colorable imitation of the Patented Design;

    b. aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon the Patented Design; and

    c. effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) and (b).

2. Defendant shall not transfer or dispose of any money or other of Defendant's assets in any of Defendant's financial accounts.

3. Huang is authorized to issue expedited written discovery to Defendant, pursuant to Federal Rules of Civil Procedure 33, 34, and 36, related to:

    a. the identity and location of Defendant, its officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including all known contact information and all associated e-mail addresses;

    b. the nature of Defendant's operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying information associated with the Online Marketplaces and Defendant's financial accounts, including Defendant's sales and listing history related to their respective Online Marketplaces; and

    c. any financial accounts owned or controlled by Defendant, including its officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with Defendant, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, PayPal, Inc. ("PayPal"), Alipay, ContextLogic Inc. d/b/a Wish.com ("Wish.com"), Alibaba Group Holding Ltd. ("Alibaba"), Ant Financial Services Group ("Ant Financial"), Amazon Pay, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

4. Upon Huang's request, any third party with actual notice of this Order who is providing services for the Defendant, or in connection with any of Defendant's Online Marketplaces, including, without limitation, any online marketplace platforms such as eBay, Inc., AliExpress, Alibaba, Amazon.com, Inc., Wish.com, and Dhgate (collectively, the "Third Party Providers"), shall, within seven (7) calendar days after receipt of such notice, provide to Huang expedited discovery, limited to copies of documents and records in such person's or entity's possession or control sufficient to determine:

    a. the identities and locations of Defendant, its officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with Defendant, including all known contact information and all associated e-mail addresses;

    b. the nature of Defendant's operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying information associated with the Online Marketplaces and Defendants' financial

   accounts, including Defendant's sales and listing history related to their respective Online Marketplaces; and

  c. any financial accounts owned or controlled by Defendant, including its officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, PayPal, Alipay, Wish.com, Alibaba, Ant Financial, Amazon Pay, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

5. Upon Huang's request, those with notice of this Order, including the Third Party Providers as defined in Paragraph 5, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defendant in connection with the sale of products infringing the Patented Design.

6. Any Third Party Providers, including PayPal, Alipay, Alibaba, Ant Financial, Wish.com, and Amazon Pay, shall, within seven (7) calendar days of receipt of this Order:

  a. locate all accounts and funds connected to Defendant's seller aliases, including, but not limited to, any financial accounts connected to any e-mail addresses provided for Defendants by third parties; and

  b. restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendant's assets until further order by this Court.

7. Huang may provide notice of the proceedings in this case to Defendants, including notice of the preliminary injunction hearing, service of process pursuant to Fed. R. Civ. P. 4(f)(3), and any future motions, by electronically publishing a link to the Complaint, this Order,

and other relevant documents on a website and by sending an e-mail with a link to said website to any e-mail addresses provided for Defendants by third parties. The Clerk of the Court is directed to issue a single original summons in the name of "MyFatBOSS. The combination of providing notice via electronic publication and e-mail, along with any notice that Defendants receive from payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

8. Huang must provide notice to Defendants of any motion for preliminary injunction as required by Rule 65(a)(1).

9. Within seven (7) calendar days of entry of this Order, Huang shall deposit with the Court ten thousand dollars ($10,000), either cash or surety bond, as security, which amount has, in the absence of adversarial testing, been deemed adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful restraint hereunder.

10. Any Defendant that is subject to this Order may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and the Northern District of Illinois Local Rules. Any third party impacted by this Order may move for appropriate relief.

11. This Temporary Restraining Order without notice is entered at 4 P.M. on this 28th day of March 2024 and shall remain in effect for fourteen (14) calendar days. Any motion to extend this Order must be filed by 04/08/2024.



_____
Jorge L. Alonso
United States District Judge

7