**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JUNZHOU HUANG | |
| Plaintiff, | Case No. 1:24-cv-01562 |
| v. | |
| MyfatBOSS | **Honorable Jorge L. Alonso** |
| Defendant. | **JURY TRIAL DEMANDED** |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF**

**A PRELIMINARY INJUNCTION**

## I.     INTRODUCTION

Plaintiff, Junzhou HUANG, brings the present suit against Defendant, MyfatBOSS, for infringement of design patent U.S. Pat. No. D912,763. As alleged in Plaintiff's Complaint, Defendant is offering for sale and selling unlicensed products through Defendant's fully interactive, commercial Amazon storefront ("Defendant Amazon Storefront" or "Defendant Amazon Store"), namely Cat/Pet Water Fountain Filters ("Infringing Products"), that infringe Plaintiff's patented design.

## II.     STATEMENT OF FACTS

On March 28, 2024, this Court granted Plaintiff's motion for a Temporary Restraining Order (the "TRO") (Dkt. #10). The TRO authorized Plaintiff to provide notice of the proceedings in this case to Defendants, including notice of the preliminary injunction hearing, and any future motions, by electronically publishing a link to the Complaint, this Order and other relevant

documents on a website and by sending an e-mail with a link to said website to any e-mail addresses provided for Defendants by third parties. (TRO at ¶ 7). On April 10, 2024, Plaintiff served the Summons on Defendant MyFatBOSS via e-mail pursuant to the terms of Temporary Restraining Order. (Cao Declaration, Exhibit A at ¶¶ 3-6) Since and pursuant to entry of TRO, the accused ASINs of MyFatBOSS products have been delisted and MyFatBOSS Amazon account has been frozen or partially frozen.

Plaintiff respectfully requests that this Court convert the TRO to a preliminary injunction against Defendants, so that they remain enjoined from the manufacture, importation, distribution, offering for sale, and sale of infringing MyFatBOSS products during the pendency of this litigation. As part of the Preliminary Injunction, Plaintiff requests that Defendant's Amazon accounts remain frozen until completion of these proceedings.

## III.    ARGUMENT

### A)    Preliminary Injunction Extending Relief Already Granted in the TRO Is Appropriate

Plaintiff respectfully requests that this Court convert the TRO to a preliminary injunction to prevent further unlawful conduct by Defendant. This Court, in addressing similar allegations of Internet-based infringement, has also issued preliminary injunctions following a temporary restraining order. *See, e.g.*, *DCStar Inc v. huirankenlai*, No. 23-cv-05937 (N.D. Ill. Sep 28, 2023); *Steel City Enterprises Inc. v. Seller Aliases Identified on the Attached Schedule A*, No. 23-cv-02037 (N.D.Ill May 15, 2023); E-Link Technology Co., Ltd. v. Shenzhen Uni-Sun Electronics Co., Ltd. No. 20-cv-00247 (N.D. Ill. Feb 6, 2020).

### B)    This Court Has Already Found that the Requirements for a Preliminary Injunction Have Been Satisfied

Since the standard for granting a TRO and the standard for granting a preliminary injunction are identical in this Circuit, the requirements for entry of a preliminary injunction extending the TRO have been satisfied. See, e.g. Charter Nat'l Bank & Trust v. Charter One Fin., Inc., No. 1:01-cv-00905, 2001 WL 527404, *1 (N.D. Ill. May 15, 2001) (citations omitted). A temporary restraining order or preliminary injunction may be issued upon a showing that: "(1) there is a reasonable likelihood that Plaintiff will succeed on the merits; (2) Plaintiff will suffer irreparable injury if the order is not granted because there is no adequate remedy at law; (3) the balance of hardships tips in Plaintiff's favor; and (4) the public interest will not be disserved by the injunction." *Columbia Pictures Indus., Inc. v. Jasso*, 927 F. Supp. 1075, 1076 (N.D. Ill. 1996); *See e.g., TY, Inc. v. The Jones Group, Inc.*, 237 F.3d 891, 895 (7th Cir. 2001) and *AstraZeneca LP v. Apotex, Inc.,* 633 F.3d 1042, 1049 (Fed. Cir. 2010). By virtue of this Court's entry of the TRO, it has already found that the above requirements have been satisfied.

### C)      The Equitable Relief Sought by Plaintiff Remains Appropriate

This Court has inherent authority to issue injunctive relief. Plaintiff seeks to convert the TRO to a preliminary injunction so that Defendant's account in U.S.-based financial institutions remain frozen. Since entry of the TRO, Plaintiff has obtained information, including the identification of MyFatBOSS Amazon store, the associated account, and sales of the accused ASINs. Plaintiff is still working with Amazon Market Place to determine the true identify of several stores, which are potentially related to or controlled by MyFatBOSS. In the absence of a preliminary injunction, Defendant may attempt to move any assets from any accounts in U.S.-based financial institutions to an offshore account or accounts of related Amazon stores. Therefore, Defendant' frozen assets according to the TRO should remain frozen for the remainder of the proceedings to preserve the status quo. Furthermore, as explained in Plaintiff's

Memorandum of Law in Support of TRO [Dkt. #5], many federal courts, including the Northern District of Illinois, have granted orders preventing the fraudulent transfer of assets. *See e.g.*, *CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 996 (7th Cir. 2002); *Monster Energy Co. v. The Partnerships, et al.*, No. 15-cv-09142, at p.5 (N.D. Ill. Oct. 22, 2015). As such, an order continuing to freeze the Defendant's assets should be granted.

## IV.    CONCLUSION

In view of the foregoing, Plaintiff respectfully requests that this Court enter the preliminary injunction.


Date: May 24, 2024                                              Respectfully submitted,


By: _/s/Yichen Cao/_____
Yichen Cao

**ANALECTS LEGAL LLC**
1212 S Naper Blvd. Suite #119 - PMB 238
Naperville, IL 60540-7349

Yichen Cao, Ph.D., J.D.
Illinois Bar No. 6326669
Email: ycao@analectslegal.com
Tel: 1.630.386.5514

Elliot Mendelson, Ph.D., J.D.
Delaware Bar No. 3981
Email:
emendelson@analectslegal.com
Tel: 1.312.375.7844

*Attorneys for Plaintiff*

4

**CERTIFICATE OF SERVICE**

I hereby certify that on May 24, 2024, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court for the Northern District of Illinois, Eastern Division, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means. I will electronically publish the documents on a website, and I will send an e-mail to any e-mail addresses provided for Defendant by third parties that includes a link to said website.

　_/s/Yichen Cao/_____
　Yichen Cao